IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02668-BNB

FABIAN FUENTES,

    Applicant,

v.

JOE ORTIZ, Exec. Dir. Colo. D.O.C., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 27 2006

GREGORY C. LANGHAM
CLERK

---

## ORDER FOR AN AMENDED APPLICATION AND TO SHOW CAUSE

---

Applicant Fabian Fuentes is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Sterling, Colorado, correctional facility. He initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state-court conviction.

The Court must construe the habeas corpus application liberally because Mr. Fuentes is representing himself. **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. **Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Fuentes will be ordered to show cause why the instant application should not be denied.

Mr. Fuentes alleges that he was convicted by a jury on unspecified criminal charges in the 19th Judicial District before the Honorable Jonathan W. Hays. Apparently, the court that entered the judgment of conviction Mr. Fuentes is attacking is

the Weld County District Court in Greeley, Colorado. Mr. Fuentes further alleges that he was sentenced to forty-two years of imprisonment. He contends that he did not appeal directly from the judgment of conviction. He alleges that he raised the claims asserted here in an original petition to the Colorado Supreme Court for a writ of habeas corpus. The Colorado Supreme Court denied the habeas corpus petition on November 3, 2005, without addressing the merits of his claims. Mr. Fuentes appears to confuse the date when the judgment of conviction was entered with the date when the state supreme court denied his habeas corpus application. He will be ordered to submit an amended application that clarifies the court in which he was convicted and the date the judgment of conviction was entered.

It appears that the application must be denied for failure to exhaust state remedies. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.

2

*See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If Mr. Fuentes has presented his claims only in an original habeas corpus petition, he has failed to exhaust state remedies because he did not present the claim to the Colorado Supreme Court fairly. If a "claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. "We have repeatedly held that this court will not exercise original jurisdiction when the question may be properly submitted and determined and the rights of the petitioner fully protected and enforced, in the lower court." *Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946).

Because Mr. Fuentes does not appear to have presented fairly each of his claims to the state's highest court, he will be ordered to show cause why the application should not be denied for failure to exhaust state remedies. If Mr. Fuentes is barred procedurally from raising his claims in the state courts, he may seek review in this Court only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Accordingly, it is

3

ORDERED that Mr. Fuentes file an amended application and show cause in writing **within thirty (30) days from the date of this order** why the instant habeas corpus application should not be denied for the reasons stated in this order. It is

FURTHER ORDERED that the amended application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294, **within thirty (30) days from the date of this order**. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Fuentes, together with a copy of this order, two copies of the following form to use in submitting the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Fuentes fails to file an amended application or to show cause to the Court's satisfaction **within thirty (30) days from the date of this order**, the habeas corpus application will be denied and the action will be dismissed without further notice.

DATED January 26, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
BOYD N. BOLAND
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02668-BNB

Fabian Fuentes
Prisoner No. 106245
Sterling Correctional Facility
PO Box 6000 – Unit 3(A)
Sterling, CO 80751


I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 1/27/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk